LANDREAUX
vs.
BEL.

Owners of vessels carrying passengers for money, are subject to the same responsibility for a breach of duty by their officers to the passengers, as they would be in regard to merchandise committed to their care.

II. On the second point, the exposition just given of the duties of the master, in relation to the passengers, renders it easy to ascertain the extent of the responsibility of the owners for a breach of those duties. The law is clear and perfectly well settled, that owners of vessels are responsible for all acts of the master, while acting within the scope of his duties, even for his torts. When the proprietors of vessels use them for the purpose of carrying passengers for money, they subject themselves to the same responsibility for a breach of duty in their officers to those passengers, as they would for their misconduct in regard to merchandise committed to their care. No satisfactory distinction can be drawn between the two cases.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled, and it is further ordered, that the exception filed in this case be overruled and set aside, that the case be remanded to the District Court, to be proceeded in according to law, and that the appellees pay the cost of this appeal.

*Appellant, in propria persona.*

*C. De Armas*, for appellees.

LANDREAUX vs. BEL.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH AND CITY OF NEW ORLEANS.

The 329th article of the Louisiana Code, relates only to the inventory made by the tutor of his minor's property, and cannot be extended to all cases in which minors may be interested.

Eastern Dis.
*May*, 1833.

LANDREAUX
*vs.*
BEL.

Where a tract of land and several buildings belonging to a succession, were in the inventory appraised *in globo* for a certain sum, and a division of the property was made into three parts, agreeably to the request of the widow and, the deliberation of a family meeting for the minor children of the deceased; and two of those parts were adjudicated at public auction—*held*, the purchaser could not be compelled to execute the contract, until the other part should be sold, unless a bond of indemnity were given to him.

The widow of Honoré Landreaux, acting in her own name, as having been in community of acquets and gains during her marriage with the deceased, and as tutrix of their minor children, claimed the execution of a contract of sale, made by adjudication at public auction, under the order of the Court of Probates, upon the advice and consent of a family meeting duly homologated. The land sold belonged to the community which had existed between the plaintiff and her deceased husband.

No answer was filed, the cause was submitted, by consent, to the judge *a quo*, who rendered judgment for the plaintiff, from which the defendant appealed. The statement of facts on which the cause was submitted, is given in the opinion of this court.

The opinion of the court, MATHEWS, J. absent, was delivered by MARTIN, J.

The defendant is appellant from a judgment by which he is ordered to comply with the conditions of a sale, in which a house and lot was adjudicated to him as the last bidder, by giving his notes, according to the terms of the sale.

The case has, by consent, been submitted to us, upon the judgment appealed from and the articles of the Code cited therein, and the following facts.

I. The premises are a part of a larger lot and several buildings, appraised *in globo*, in the inventory, at thirty thousand dollars.

II. The whole was afterwards divided into three lots, by the deliberation of a family meeting, which was duly homologated.

III. In pursuance thereto, two of these lots were sold, one for ten thousand six hundred dollars, to the defendant, and another for seven thousand dollars; the third was not offered for sale, but withdrawn; and the widow is disposed to take it for fourteen thousand dollars; these three sums exceed, by one thousand six hundred dollars, the price at which the whole property was appraised.

The counsel for the appellant has contended, his client was willing to comply with the terms of the sale, if he were secured by a bond of indemnity against the danger which he apprehends from apparent irregularities in the inventory of appraisement, and in the sale, viz:—the appraisers were appointed and sworn by a notary public appointed by the Court of Probates; nothing shows the appraised value of the property purchased by the defendant.

The Court of Probates was of opinion that the appraisers were properly appointed and sworn by the notary; the article 1098 having an express provision, giving authority to appoint and swear appraisers to the judge or notary, who makes the inventory.

The appellee has contended, that the power given to notaries by this article, is confined to cases in which the judge is not expressly required to make the appointment himself, and the present one is said to be one of those, as minors are interested in the property inventoried. *Id.* 329.

The 329th article of the Louisiana Code, relates only to the inventory made by the tutor of his minor's property, and cannot be extended to all cases in which minors may be interested.

It has appeared to us, there is nothing in this objection; the article 329 relates only to inventory made by tutor of his minor's property; and we have no authority to extend it to all cases in which *minors* may be interested.

The property was duly appraised, and with the view of facilitating its bringing the appraised value, the family meeting directed it to be divided into three lots, and sold accordingly.

The validity of the sale of the first and second of the three lots was in suspense, till the third brought a sum, which added to the price at which the other two had been adjudicated, formed an aggregate sum equal to or exceeding the value fixed on the whole property by the appraisers.

The lot which remains unsold, we are informed, the widow who is the petitioner in the present case, is disposed to take at a price, which added to that at which the other two were adjudicated, will cause the aggregate produce of the sales of these three lots to exceed the sum of thirty thousand dollars, at which the whole property was appraised. This, however, has not yet been effected; the lot is still unsold, and has not yet been adjudicated to the widow. Till this be done, and legally done, the defendant is not perfectly secure in his title, and, it appears to us, he did no injury to the estate, in requiring, before he gave his notes, to demand security against any accident.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and the plaintiff's petition dismissed, she paying costs in both courts.

*Soulé*, for appellant.

*Mazureau*, for appellee.

<div style="text-align:right; font-style:italic; font-size:small;">
EASTERN DIS.<br>
May, 1833.<br>
<br>
COLLETON,<br>
ET AL.<br>
vs.<br>
DE ARMAS.<br>
<br>
Where a tract of land and several buildings belonging to a succession, were in the inventory appraised <i>in globo</i> for a certain sum, and a division of the property was made into three parts, agreeably to the request of the widow, and, the deliberation of a family meeting for the minor children of the deceased;—and two of those parts were adjudicated at public auction, <i>held</i>, the purchaser could not be compelled to execute the contract, until the other part should be sold, unless a bond of indemnity were given to him.
</div>